Perez v Kone (2018 NY Slip Op 08103)





Perez v Kone


2018 NY Slip Op 08103


Decided on November 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2018

Renwick, J.P., Tom, Webber, Kahn, Moulton, JJ.


7736N 25466/17E

[*1] Lisandra Perez, Plaintiff-Appellant,
v
Jean-Baptiste Kone, et al., Defendants, Alcira A. Sullivan, et al., Defendants-Respondents.


Lever Gottfried Ecker PLLC, New York (Eric J. Gottfried of counsel), for appellant.
Russo & Tambasco, Melville (Susan J. Mitola of counsel), for respondents.



Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered July 2, 2018, which, to the extent appealed from as limited by the briefs, granted defendants-respondents' motion to vacate plaintiff's note of issue, unanimously affirmed, without costs.
The court properly exercised its discretion to vacate the note of issue as it contained incorrect material in the certificate of readiness, particularly the statements that there remained no outstanding discovery (Uniform Rules for Trial Cts [22 NYCRR] § 202.21[e]). The defendants' de minimis delay in moving to vacate the note of issue did not prejudice plaintiff, and, as the court noted, "any deficiencies in [defendants'] good faith affirmation are inconsequential, since any effort to resolve the dispute would have been futile given the plaintiff's emphatic insistence that no discovery remains outstanding." Defendants' demands for plaintiff's deposition and physical examination put plaintiff on notice that such examinations remained outstanding, notwithstanding defendants' indication that the time and place of her deposition would be determined at a preliminary conference, and that the physical examination would be scheduled after the depositions and after the exchange of medical records.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 27, 2018
CLERK